

# THE ATTORNEY GENERAL
## OF TEXAS

January 11, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Travis S. Ware
Criminal District Attorney
Lubbock County Courthouse
P. O. Box 10536
Lubbock, Texas   79408

Opinion No. JM-841

Re:   Whether article 18.17 of the Code of Criminal Procedure requires peace officers employed by a state institution of higher education to deliver abandoned and unclaimed property to the county purchasing agent (RQ-1251)

Dear Mr. Ware:

You ask whether article 18.17 of the Code of Criminal Procedure requires peace officers employed by a state institution of higher education to deliver abandoned and unclaimed property to the county purchasing agent.

You provide the following background information which has prompted your question.

> The campus security personnel of [a state] institution of higher learning . . . who are commissioned as peace officers in this state, have been turning over abandoned and unclaimed property which has come into their possession to the institution of higher learning which is selling the abandoned and unclaimed property.

House Bill No. 2187, Acts 1987, 70th Leg., ch. 1002, §1, at 6792, effective September 1, 1987, amended article 18.17, Code of Criminal Procedure to read, in pertinent part, as follows:

> (a) All unclaimed or abandoned personal property of every kind, except whiskey, wine and beer, seized by any [state-or--county] peace officer in the State of Texas which is

> not held as evidence to be used in any pending case and has not been ordered destroyed or returned to the person entitled to possession of the same by a magistrate, which shall remain unclaimed for a period of 30 days shall be delivered for sale to the purchasing agent of the <u>municipality or</u> county in which the property was seized. <u>If a peace officer of a municipality seizes the property, the peace officer shall deliver the property to the purchasing agent of the municipality. If any other peace officer seizes the property, the peace officer shall deliver the property to the purchasing agent of the county.</u> If the county has no purchasing agent, then such property shall be sold by the sheriff of the county. (Emphasis reflects change in wording in article 18.17 resulting from amendment.)

It appears that your concern has been prompted by the general provision in the amendment which states "If any other peace officer seizes the property, the peace officer shall deliver the property to the purchasing agent of the county."

In the Bill Analysis to H.B. No. 2187 it is stated:

> BACKGROUND
>
> Article 18.17, Code of Criminal Procedure, provides for the disposition by a county of unclaimed or abandoned personal property seized by peace officers. No similar procedure is prescribed for municipalities.
>
> PURPOSE
>
> This bill would require municipalities to dispose of seized property in the manner currently provided for counties to do so.

Bill Analysis to H.B. No. 2187, 70th Leg. (1987), on file in Legislative Reference Library.

Section 51.203 of the Education Code provides for campus security at institutions of higher learning, as follows:

> The governing boards of each state institution of higher education may employ campus security personnel for the purpose of carrying out the provisions of this subchapter and may commission them as peace officers. Any officer commissioned under this section <u>is vested with all the powers, privileges, and immunities of peace officers while on the property under the control and jurisdiction of the institution of higher education or otherwise in the performance of his duties</u>. Any officer assigned to duty and commissioned shall take and file the oath required of peace officers, and shall execute and file a good and sufficient bond in the sum of $1,000, payable to the governor and his successors in office, with two or more good and sufficient sureties, conditioned that he will fairly, impartially, and faithfully perform all the duties that may be required of him by law. The bond may be sued on from time to time in the name of any person injured until the whole amount of the bond is recovered. (Emphasis added.)

Section 51.213 of the Education Code authorizes the governing boards of the state institutions of higher learning to promulgate rules providing for the disposition of abandoned and unclaimed personal property as follows:

> <u>The governing board of each state institution of higher education, including public junior colleges, is authorized to promulgate rules and regulations providing for the disposition of abandoned and unclaimed personal property</u> coming into the possession of the campus security personnel where the personal property is not being held as evidence to be used in any pending criminal case. (Emphasis added.)

Section 21.483 of the Education Code is similar to section 51.203 in that it authorizes the board of trustees of any public school district to employ campus security personnel. Like section 51.203, it provides that "Any officer commissioned under this section is vested with all the powers, privileges, and immunities of peace officers while on the property under the control and jurisdiction of the district. . . ." In construing section 21.483, it

was stated in Attorney General Opinion JM-239 (1984) that the scope of peace officer's powers under this section depends upon the nature and scope of their duties as defined by the employing school district board of trustees and applicable sections of the Education Code.

It appears your concern is whether the amendment of article 18.17 by H.B. No. 2187 repeals section 51.213 of the Education Code since the amendment of article 18.51 is the later enactment.

Section 311.026 of the Government Code provides generally that a special statute prevails over a general statute unless the general provision is the later enactment and the manifest intent is that such provision prevail. See Attorney General Opinion MW-261 (1980). When the amendment of article 18.17 of the Code of Criminal Procedure is construed together with sections 51.203 and 51.213, it becomes apparent that the general provision of the amendment of article 18.17 did not reflect a manifest legislative intent to repeal the special provisions applying to campus security personnel of institutions of higher learning under section 51.203 and 51.213.

Article 18.17 of the Code of Criminal Procedure as amended by H.B. No. 2187, does not require peace officers employed by a state institution of higher learning to deliver abandoned and unclaimed property to the county purchasing agent where the governing board of the state institution of higher learning has promulgated rules and regulations for the disposition of such property pursuant to the provisions of sections 51.203 and 51.213 of the Education Code.

## S U M M A R Y

Article 18.17 of the Code of Criminal Procedure, as amended by House Bill No. 2187, 70th Legislature (1987), does not require peace officers employed by a state institution of higher learning to deliver abandoned and unclaimed property to the county purchasing agent where the governing body of the state institution of higher learning has promulgated rules and regulations for the disposition of such property pursuant to the provisions of sections 51.203 and 51.213 of the Education Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General